VENKAT BALASUBRAMANI (SBN 189192)
FOCAL PLLC
8426 40th Ave SW
Seattle, WA 98136
Fax:   (206) 260-3966
Email: *venkat@focallaw.com*

MATTHEW JELLETT (WSBA No. 34218)
*Pro Hac Vice*
JELLETT LAW GROUP PS
910 Harris Ave, Ste A205
Bellingham, WA 98225
Fax:   (425) 671-1728
Email: *matt@jellettlaw.com*

Attorneys for Plaintiff
Brad Holtorf

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD HOLTORF<br><br>Plaintiff,<br><br>v.<br><br>SCOTT VOGLER, an individual; POCKET BIKES UNLIMITED, a domestic corporation,<br><br>Defendants. | Case No. 3:09-CV-04560-EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed)**<br><br>Date:          February 1, 2010 |

Pursuant to the Court's standing order for all judges in the Northern District of California parties submit this Joint Case Management Report and Discovery Plan:

| | |
|---|---|
| (1)     Jurisdiction and Service: | Federal question jurisdiction is conferred pursuant to USC section 1331 and 1338(a).  Plaintiff does not believe that any |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)

|   |   |
|---|---|
|   | issues exist regarding personal jurisdiction or venue. It is believed that Plaintiff has served all parties being that the Defendant, Pocket Bikes Unlimited is a wholly owned company of Defendant, Scott Vogler. |
| (2)  Facts: | Around October 2004, Plaintiff met with Defendant at their offices to demonstrate Plaintiff's proprietary engine design.<br><br>Defendant executed a confidentiality and non-disclosure agreement in regard to Plaintiff's proprietary engine design.<br><br>Defendant alleges selling a similar product that was designed and sold by another company since June of 2003. Defendant alleges having sold a total of only 16 pieces and only 5 total sales of this item since September 2006. Defendant alleges that Plaintiff's said design has been published, designed and sold for over 1 year prior to meeting with Plaintiff in October of 2004.<br><br>Defendant subsequently disclosed the invention on Defendant's website selling and offering to sell the invention.<br><br>Defendant included the term "patent pending" in their advertisements and marketing materials of Plaintiff's invention. |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)

| | |
|---|---|
| | Plaintiff filed on November 1, 2004, a provisional patent application serial number 60/624,042; |
| | Plaintiff filed utility patent application with serial number 11/261,862 on October 28, 2005; |
| | The utility patent application published on May 18, 2006, under publication number US 2006/0102114; |
| | The utility patent application issued on December 2, 2008, for patent number US 7,458,344; |
| | Defendant continued to sell and offer to sell the invention during the pendency of the patent application, its issuance, and up to the present day. |
| (3)   Legal Issues: | Plaintiff claims patent infringements under 35 USC section 271 including Defendant's actual or contributory making, using, selling, or offering to sell the patent invention within the United States.
This patent infringement includes likely a literal infringement.  See Graver Tank and Manufacturing Company v. Lindy Air Products Company, 339 US 605, 85 USPQ 328(1950). |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)

|   |   |   |
|---|---|---|
|   |   | This patent infringement includes likely infringement under the doctrine of equivalents. See id 339 US at 608. |
| (4) | Motions: | Defendant's motion to dismiss (denied); Defendant alleges motion to dismiss was not heard due to pro-se representation. |
| (5) | Amendment of pleadings: | Parties do not expect to amend the pleadings at this time but reserve the right to add additional claims or defenses and notify the court accordingly. |
| (6) | Evidence preservation: | Plaintiff has taken steps to preserve evidence relevant to the issues including e-mails, receipts, etc. Defendant has taken steps to preserve relevant materials to the case. |
| (7) | Disclosures: | Parties have discussed their initial disclosures after the motion to dismiss hearing and Plaintiff has filed the initial disclosure requirements under federal rules of civil procedure 26. Defendant has not timely complied with the initial disclosure requirements as to the date of signing of this joint case management statement. |
| (8) | Discovery: | No discovery has taken place to date. The scope of anticipated discovery includes receipts, invoices, financial records, all relating to the making, using, selling, offering |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)

| | | |
|---|---|---|
| | | to sell, of the patented subject matter, evidence of Defendant's ongoing sales, use, manufacture, and offer to sell of the patented subject matter; evidence of third-party manufactured use after Defendant's publication of Plaintiff's patented subject matter; and damages. |
| (9) | Class actions: | This is not a class-action lawsuit. |
| (10) | Related cases: | There are no related cases or proceedings pending before another judge of this court or before any other court or administrative body at this time. |
| (11) | Relief: | Plaintiff requests judgment against Defendant as follows: that Defendant has infringed, actively induced others to infringe, and/or contributarily infringed the patent;<br><br>Defendant be enjoined and restrained preliminarily during the pendency of this action from infringing, actively inducing others to infringe, and/or contributarily infringing the patent;<br><br>That a judgment be entered that Defendant be required to pay over to Plaintiff all damages sustained by Plaintiff due to patent infringement and that the damages be trebled under 35 USC section 284 for willful |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)

|   |   |   |
|---|---|---|
|   |   | acts of infringement; |
|   |   | This case be judged and decreed exceptional under 35 USC section 285 entitling Plaintiff to an award of reasonable attorneys fees; |
|   |   | That Plaintiff be awarded his costs and pre-judgment interest on all damages. |
|   |   | Defendant asks the court to dismiss this case upon the proof of prior design. |
| (12) | Settlement and ADR: | Plaintiff and Defendant are actively working to settle the case. The parties propose the rule 39 mediation around April 15 2010. |
| (13) | Consent to Magistrate Judge: | The parties consent to a magistrate judge. |
| (14) | Other References | The parties agree that the case may be suitable to binding arbitration. |
| (15) | Narrowing of Issues: | The parties do not agree that bifurcation is appropriate, the parties endeavor to stipulate to the undisputed facts where ever possible, the parties you have any other suggestions at this time. |
| (16) |   | The parties do not believe that this case can be handled on an expedited basis. |
| (17) | Scheduling | 8/15/2010 expert witness disclosures<br>10/15/2010 end of discovery<br>11/15/2010 summary judgment due |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)

| | |
|---|---|
| | 1/15/2011 trial<br><br>Parties contend to follow the local patent rules regarding this case beginning 10 days after the initial case management conference. |
| (18)   Trial | Parties agree to a jury trial and expect the trial to last approximately 60 days |
| (19)   Disclosure of non-party interested entities or persons: | Parties have not filed a Certification of Interested Entities or Persons as required under Civ LR 3-16.  At this point in time parties are unaware of any additional entities that would have a financial interest in the subject matter; or any other interest that could be affected by the proceeding. |
| (20)   Other Matters | Parties are unaware of any other such matters that may facilitate the just, speedy and inexpensive disposition of this matter. |

DATED this 01[th] day of February, 2010.

| For Plaintiff | For Defendant |
|---|---|
| **FOCAL LAW**<br>/s/ Venkat Balasubramani<br>_____<br>Venkat Balasubramani, SBN: 189192<br>8426 40th Ave SW<br>Seattle, WA 98136<br>Tel:    (206) 529-4827<br>Fax:   (206) 260-3966<br>Email: venkat@focallaw.com | Scott Vogler<br>/s/ Scott Vogler via conference call<br>_____<br>Scott Vogler, Pocket Bikes Unlimited<br><br>Scott M. Vogler<br>750 Park Drive<br>Ben Lomond, CA 95005<br>Tel: (831) 252 4663<br>Fax: (831) 336-8218<br>pocketbikesunlimited@msn.com |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)

| | |
|---|---|
| **JELLETT LAW PS**<br>/s/ Matthew Jellett<br><br>_____<br>Matthew Jellett, WSBA #34219<br>910 Harris Ave, Ste A205<br>Bellingham Wa, 98225<br>Tel:   (360) 527-9400<br>Fax:   (425)671-1728<br>Email: matt@jellettlaw.com | Scott@voglerconstruction.com<br>Defendant |

JOINT CASE MANAGEMENT STATEMENT AND DISCOSOVERY PLAN. (Proposed). (3:09-CV-04560-EDL)