UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRAD HOLTORF,

    Plaintiff,

No. 09-04560-EDL

v.

**ORDER GRANTING UNOPPOSED REQUEST TO FIND THAT DEFENDANTS WAIVED OBJECTIONS TO SERVICE; REFERRING CASE TO MEDIATION; ORDERING CORPORATE DEFENDANT TO OBTAIN COUNSEL**

SCOTT VOGLER, an individual; POCKET BIKES UNLIMITED, a domestic corporation,

    Defendants.
_____/

    This is a patent infringement action brought by individual Brad Holtorf against pro se defendant Scott Volger and his business Pocket Bikes Unlimited. The Complaint was filed on September 28, 2009. On October 6, 2009, Mr. Volger filed a motion to dismiss for failure to state a claim, though it was unclear whether this motion was filed solely on behalf of the individual or also on behalf of the corporate defendant, which would have been impermissible because the corporation does not have counsel. The Court held a hearing during which the Court denied the motion, informed Mr. Volger that he could not represent the corporate defendant pro se, ordered him to obtain counsel for the corporate defendant within thirty days, and referred him to the pro se help desk. On February 17, the parties participated in a phone conference with the ADR unit, during

which the parties agreed to participate in mediation and file an ADR stipulation selecting court-sponsored mediation, but to date that has not been done.

On May 12, Plaintiff filed a "Request to Find that Defendants Have Waived Objections to Service or to Extend 120 Day Service Deadline." The request acknowledges that service was not properly effected on Defendants due to the oversight of counsel, but asks the Court to find that Defendants' participation in the case thus far constitutes a waiver of any challenge to service. Alternatively, the Request asks the Court to extend the 120-day service deadline, and allow for service after the deadline had passed. On June 1, Plaintiff filed proof of personal service of the Summons and the "Request," both of which were apparently served on both defendants on May 25,

On July 7, 2010, the Court received a "Statement of Non-Opposition to Plaintiff's Request," which was placed on the docket for this case on July 12, 2010. In light of this non-opposition, and the fact that Mr. Volger filed a consent and a motion to dismiss, personally appeared in court to argue the motion to dismiss and participated in at least two phone conferences with the ADR department, Plaintiff's request with respect to individual defendant Scott Volger is GRANTED. The Court finds that Mr. Volger has waived his right to raise the defense of insufficient service of process.

However, since it is well settled that a *corporation* may not appear pro se in federal court, a defense of insufficient service of process cannot be waived by the appearance of a pro se individual. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.") (emphasis added). Therefore, with respect to Pocket Bikes Unlimited, the result is somewhat different. The consent form was signed only by Mr. Volger and the caption on the consent form does not include Pocket Bikes Unlimited as a defendant. See Dkt. No. 14. Additionally, the motion to dismiss stated that it was brought by individual defendant Mr. Volger, but did not state that it was also brought on behalf of the corporate defendant (which it could not have been). Finally, the Statement of Non-Opposition to Plaintiff's Request is unclear as to whether it was made by both defendants, or only Mr. Volger. Pocket Bikes thus cannot be deemed to have made an appearance that would constitute a waiver of the defense of insufficient service of process.

However, Rule 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) (citing Henderson v. United States, 517 U.S. 654, 662 (1996)). Further, "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period. Here, while Plaintiff's attorney's neglect may not by itself constitute good cause that would require extending the deadline, the fact that both defendants clearly had notice of the lawsuit and have since been properly served weighs in favor of retroactively granting an extension. Further, the fact that the corporate defendant has not opposed Plaintiff's request for an extension or otherwise explained any prejudice that would result also weighs in favor of extending the service deadline retroactively, Therefore, the service deadline as to Pocket Bikes Unlimited is retroactively extended to May 25, 2010, the date both entities were personally served.

Additionally, the Court finds that the parties would likely benefit from participation in court-sponsored mediation, and therefore REFERS the matter to mediation pursuant to Local ADR Rule 3-3(b).

Further, on February 8, 2010, this Court Ordered Defendant Pocket Bikes Unlimited to obtain counsel within 30 days and referred the defendant to the Court's pro se help desk. See Dkt. No. 26. The corporate defendant is now in violation of the Court's prior Order and risks potential sanctions or the entry of default. Plaintiff is hereby Ordered to contact the Pro Se Help Desk of this Court immediately, information about which can be found on the Court's website or by calling 415-782-9000.

Finally, Mr. Vogler's statement of non-opposition states that he has not received timely service of various filings in this case, such as the instant motion. Mr. Volger does not have access to the Court's electronic filing system due to his *pro se* status, and Plaintiff is therefore Ordered to comply with Local Rule 5-5(a)(1), which requires that all pleadings or other papers be "actually

//
//
//
//

3

delivered to the . . . party within the meaning of FRCivP 5(b) on or before the due date."

**IT IS SO ORDERED.**

Dated: July 13, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4